IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 3:14-CR-00102-CRB |
| Plaintiff, | **ORDER DENYING BAIL PENDING APPEAL** |
| v. | |
| IAN FURMINGER, | |
| Defendant. | |

Now pending before the Court is Ian Furminger's motion for bail pending appeal. Under the Bail Reform Act of 1984, a"judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal . . . be detained, unless the judicial officer finds – (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person in the community if released . . .; and (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in" reversal, a new trial, a sentence that does not include imprisonment, or a reduced sentence to a term of imprisonment less than the time already served plus the time expected for the duration of the appeal. 18 U.S.C. § 3143(b)(1). With respect to the latter requirement, the Court must resolve two questions: (1) whether the appellate issues raised by the defendant are "substantial" and (2) whether those issues are "likely to result in reversal." United States v. Handy, 761 F.2d 1279,

1280–81 (9th Cir. 1985). A "substantial question" is one that is "fairly debatable" or "fairly doubtful." Id. at 1283 (quotations omitted). The burden is on Furminger to overcome the presumption that he should be detained while his appeal is pending. See United States v. Montoya, 908 F.2d 450, 451 (9th Cir. 1990) ("As the moving party, it is [the defendant's] burden" to "raise[] a 'fairly debatable' issue on appeal.").

The Court is not persuaded by clear and convincing evidence that Furminger is not a danger to the community or is not a flight risk in light of his sentence of incarceration. His very serious and ongoing alcohol addiction, rejection of responsibility for his crimes in the aftermath of his convictions, tumultuous family ties, and antisocial behavior leave Furminger unable to meet his burden under the first prong of the statute. See 18 U.S.C. § 3143(b)(1)(A); cf. 18 U.S.C. § 3142(g)(3).

The Court also finds that Furminger's appeal fails to raise any substantial question of law or fact likely to result in reversal, a new trial, or a reduced sentence. Furminger's motion is almost entirely lacking in any specificity as to the grounds that would entitle him to relief on appeal. He first objects to this Court's exclusion of collateral evidence to impeach the credibility of prosecution witness Reynaldo Vargas. He appears to be referring to the Court's ruling at trial that Furminger could not introduce time cards and related evidence to impeach Vargas after Vargas testified that he did not falsify time cards while he was a San Francisco Police Officer. This does not raise a "substantial question" because both the plain language of Federal Rule of Evidence 608(b) and the case law are clear that "extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness"—the precise purpose for which Furminger says it should have been admitted. See Mot. for Bail (dkt. 239) at 5 ("Had the jury been allowed to hear such evidence it is likely that Mr. Vargas's testimony incriminating Mr. Furminger would not have been believed.").

Second, Furminger claims that this Court erred in allowing evidence to be admitted over the objection of the defense, and cites as his only explanation or example that "the defense objected to the admission of text messages sent by Furminger that constituted

1 irrelevant character evidence and were highly prejudicial." Id. As Furminger identifies
2 neither the evidence to which he refers nor the reasons for its inadmissibility, he is entirely
3 unable to meet his burden of showing a substantial question of law on appeal. See Montoya,
4 908 F.2d at 451 ("Again, counsel does not tell us why. Thus, . . . we are in no position to
5 determine whether the issues are 'fairly debatable.' We simply cannot evaluate the merits of
6 arguments that have not been set forth."). To the extent any text messages were admitted at
7 trial, they were admitted only for proper purposes and redacted to remove unfairly prejudicial
8 references.

9 Third, Furminger advances the denial of his motion to sever his trial from that of his
10 co-defendant as a substantial question on appeal. It is not. Federal Rule of Criminal
11 Procedure 14 "leaves the tailoring of the relief to granted, if any, to the district court's sound
12 discretion," and "a district court should grant a severance under Rule 14 only if there is a
13 serious risk that a joint trial would compromise a specific trial right of one of the defendants,
14 or prevent the jury from making a reliable judgment about guilt or innocence." Zafiro v.
15 United States, 506 U.S. 534, 539 (1993). Furminger does not identify any specific trial right
16 that was compromised, and the Court sees none. See id. ("[W]e note that petitioners do not
17 articulate any specific instances of prejudice."). Nor does Furminger explain why the
18 Court's limiting instructions to the jury were inadequate to protect any rights he believes
19 were violated. See id. ("[L]ess drastic measures, such as limiting instructions, often will
20 suffice to cure any risk of prejudice.") (citing Richardson v. Marsh, 481 U.S. 200, 211
21 (1987)).

22 Fourth, Furminger argues that the evidence against him was insufficient to support the
23 jury's verdict, but does not identify which if any elements of the charges were unsupported.
24 There was ample evidence at trial of Furminger's direct participation in the crimes of which
25 he was convicted, not merely of his close association with other criminal actors. This Court
26 sees no indication that it will be determined on appeal that no "rational trier of fact could
27 have found the essential elements of the crime beyond a reasonable doubt." See United
28 States v. Alvarez-Valenzuela, 231 F.3d 1198, 1201–02 (9th Cir. 2000).

Furminger having failed to raise any meritorious claims of error that warrant review, the Court doubts that the appeal is not for the purpose of delay. <u>See</u> 18 U.S.C. § 3143(b)(1)(B). The Court also is unable to find by clear and convincing evidence that Furminger is not a danger to the community, nor that his appeal raises a substantial question of law or fact likely to result in" reversal, a new trial, or a reduced sentence. <u>See</u> 18 U.S.C. § 3143(b)(1). Accordingly, Furminger's motion for bail pending appeal is DENIED.

**IT IS SO ORDERED.**

Dated: March 16, 2015

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE