UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable Charles R. Breyer, Judge

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| VS. ) | **NO. CR. 14-00102 CRB** |
| ) | |
| IAN FURMINGER, EDMOND ROBLES, ) | |
| and REYNALDO VARGAS, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

San Francisco, California
Wednesday, March 5, 2014

**TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES**:

For Plaintiff United States of America:
                    United States Attorney's Office
                    Northern District of California
                    450 Golden Gate Avenue, 11th Floor
                    San Francisco, CA  94102
                    (415) 436-7478
          **BY:  JOHN HENRY HEMANN**

For Defendant Ian Furminger:
                    Law Offices of Brian H. Getz
                    201 California Street, Suite 450
                    San Francisco, CA 94104
                    (415) 912-5886
                    (415) 438-2655 (fax)
          **BY:  BRIAN H. GETZ**
               **JOHN PAUL PASSAGLIA**

Reported By:  Lydia Zinn, CSR #9223, Official Reporter

**APPEARANCES (CONTINUED)**

For Defendant Edmond Robles:
                          Burke Law Offices
                          36 Monterey Avenue
                          San Anselmo, CA  94960
                          (415) 578-3925
                          (415) 578-3926 (fax)
                 **BY:  EILEEN C. BURKE**

Specially appearing on behalf of Harry Stern for Defendant
Reynaldo Vargas:
                          Law Offices of Brian H. Getz
                          201 California Street, Suite 450
                          San Francisco, CA 94104
                          (415) 912-5886
                          (415) 438-2655 (fax)
                 **BY:  BRIAN H. GETZ**
                      **JOHN PAUL PASSAGLIA**

<u>Wednesday - March 5, 2014</u>                    2:10 p.m.

P R O C E E D I N G S

THE CLERK:  Calling Case CR. 14-0102, *The United States of America versus Ian Furminger, Edmond Robles, and Reynaldo Vargas*.  Appearances, counsel.

MR. HEMANN:  Good afternoon, Your Honor.  John Hemann for the United States.

THE COURT:  Good afternoon.

MR. GETZ:  Brian Getz and John Passaglia for Mr. Furminger, who's present and ready for these proceedings.

With the Court's permission, Brian Getz on behalf of Mr. Vargas, who is present, but his attorney is in southern California, and has asked me to stand in specially.

THE COURT:  And his attorney is?

MR. GETZ:  Harry Stern.  S-t-e-r-n.

THE COURT:  Okay.

MS. BURKE:  Eileen Burke, for Mr. Robles, who's present.

THE COURT:  I'm sorry.  Your name?

MS. BURKE:  Eileen Burke.

THE COURT:  And you're representing Mr. Robles?

MS. BURKE:  Yes.

THE COURT:  Okay.  All right.

MR. HEMANN:  So, Your Honor, a couple of things. First one has to do with Mr. Robles.  Mr. Robles was not

represented at the earlier -- well, he was represented by
Mr. Rains, just specially appearing at the arraignment.  He was
advised of the charges, but did not at that time enter a plea.

We discussed that with Magistrate, and suggested that the
Court -- that Your Honor might permit him to enter a plea
today, or we can go back to the Magistrate.

**THE COURT:**  Yeah.  Does he wish to enter a plea?

**MS. BURKE:**  He does.

**THE COURT:**  And the plea?

**MS. BURKE:**  Not guilty.

**THE COURT:**  There.  That's over.

**MR. HEMANN:**  Your Honor, we have discovery that we
will be producing to the defendants tomorrow.  It is --
beginning tomorrow, there will be two tranches of discovery
that we'll be producing electronically starting tomorrow, and
concluding next week.

We're going to be providing a protective order to the
defense.  We need to talk about it with Mr. -- with Mr. Stern,
who's not -- who's not here.  We'll hopefully present that to
the Court on Friday, so that we can go ahead and produce all of
the discovery.  There's Social Security numbers and personal
identifiers in the police reports.  We want that covered by a
protective order.  So that would be -- that would be done in
short order.

The Government would like to set a date for any motions on

the indictment, bill of particulars, severance, motion to

dismiss the indictment, et cetera; and also potentially a

motion to disqualify Mr. Stern.  There is a potential conflict,

given his law partner, Mr. Rains', prior representation of the

two codefendants.  We're still researching that.  We have not

made a decision as to whether to file that, but we may be

required to file that motion.  And we would suggest a hearing

date of April the 23rd for both any motions on the indictment,

and a motion to disqualify if the Government files one.

      **MR. GETZ:**  April 23rd is good with Mr. Furminger and

good with Mr. Vargas.

      **MS. BURKE:**  It's not so great with me, Your Honor.  I

begin a two-month trial this afternoon.

      **THE CLERK:**  Counsel, could you speak into the mic?

      **MS. BURKE:**  I begin a two-month trial this afternoon

over at 850 Bryant Street here in San Francisco.  So if we

could just go a little further out -- a week or two out -- that

would be helpful.

      **MR. HEMANN:**  That would be fine with the Government,

Your Honor.  If we could go maybe a week.  And if we have to

push it further, we could go an additional week by stipulation.

      **MS. BURKE:**  Sure.

      **THE COURT:**  April 30th?  Is that satisfactory?

      **MS. BURKE:**  Cutting it close, but we could try that.

      **THE COURT:**  All right.  April 30th for those motions.

1       MR. HEMANN:  Yes, Your Honor.

2       THE COURT:  Okay.  Now I want to set a trial date.

3       MR. HEMANN:  We were going to suggest, Your Honor,

4  that we set a trial date or request the trial date be set when

5  we come back on April 30th.

6       THE COURT:  Well, I want to set a trial date today.

7       MR. HEMANN:  That would be great, Your Honor.

8       THE COURT:  So assuming -- obviously, I haven't ruled

9  on the motions because I don't have them in front of me, but

10  assuming that I rule on the motions in such a way that the case

11  would then proceed to trial as it presently is charged with the

12  people who are presently representing the parties, the question

13  is:  How long does it take to prepare for trial in this case?

14      I don't know how extensive the discovery is.  You're going

15  to start complying with it as of this week -- at least, one

16  package of it.  You say two submissions, or whatever the word

17  you people use?

18      MR. HEMANN:  Tranches, I think I said, Your Honor.

19      THE COURT:  Yeah.  Tranches.  Yeah.  So when is when

20  is tranche number two, or what is tranche number one?

21      MR. HEMANN:  It's about -- the total is about 70

22  binders of documents, some of which have very few pages in

23  them.

24      THE COURT:  Okay.  And you say the total.  Do you

25  mean of the two tranches?

1     MR. HEMANN:  Yes.

2         THE COURT:  Okay.  So they're --

3     MR. HEMANN:  It is a manageable amount.  It is

4  primarily police reports.  SFPD reports.

5     And it sounds like a lot, but certainly they're not.  Each

6  binder is maybe a two-inch binder.  I can't -- I don't know

7  exactly what the box count of that is, but it seems a

8  manageable amount of discovery.  And we would --

9         THE COURT:  When would the Government be ready to try

10  the case?

11        MR. HEMANN:  We're ready as soon as the Court sets

12  it.

13        THE COURT:  Okay.  Let's hear from the Defense.

14    MR. GETZ:  On behalf of Mr. Furminger, we'd like to

15  be ready as soon as possible, because Mr. Furminger cannot go

16  back to work until he gets through this case, but --

17        THE COURT:  Give me a date.

18    MR. GETZ:  I can't.  Well, I'd like to give the Court

19  a date, but I think for me to state a date before I've seen the

20  discovery, without --

21    THE COURT:  I'm going to give it an anticipatory

22  date.  You come in and you say, "I want it set as soon as

23  possible."  There's no such date as "as soon as possible."  So

24  I need -- I'm going to set a date.

25     And I know you haven't seen the discovery.  And I know

once you see the discovery, you may hold a different opinion,
but this case has been going on, I think -- the
investigation -- for some period of time.  The Government
doesn't seem to be creating any obstacles in terms of turning
over discovery.  And so I -- and you say to me you want this
case to go as soon as possible.  So I'd like to know:  What did
you have in mind?

       **MR. HEMANN:**  Ah.

       **THE COURT:**  Not you.  Mr. Getz.

       **MR. GETZ:**  Yeah.  Of course.  And I'm going to answer
the Court's question.

       **THE COURT:**  Okay.

       **MR. GETZ:**  But if the Court will afford me just a
little leeway on this, it may sound a bit circuitous, but I do
believe that before Your Honor there is a certain standard of
excellence in this court that Your Honor demands of the
attorneys that appear before Your Honor.  And I certainly
intend to be fully prepared and to meet that standard of
excellence in this case.

So again, not having reviewed the discovery, not having
commenced investigation --

And it is true the Government's had three years to prepare
the case; but this indictment for us is about a week in our
hands.  So I'm not extremely comfortable saying to the Court
I'm going to be ready by such-and-such a date.  And I don't

think that is the right way for me to get started in this court
before Your Honor.

I think by the time we return in April, I will have had an
opportunity to review the discovery. And I'm sure we can pick
a date for 2014, if that's convenient with the Court; but I
just feel that when we say we're going to be ready and we pick
a date, that's in stone. And if I say that now, before I've
read even one police report in this case, I think that would be
ill advised.

So I have tremendous respect for the Court, and I intend
to be fully prepared.

**THE COURT:** I'm sure you will be prepared.

Here is the problem I see. The problem I see is that the
later I set out the setting of the trial date, the -- not just
the later the trial date becomes, but what happens is that
attorneys fill their calendar.

Now if you're saying to me, Mr. Getz, "Look. I'll tell
you this, Judge. You set the trial date on April, whatever day
that is; April such-and-such. And I promise you that I will
not set any trial dates for any of my other clients between now
and then for some period of time," that's fine with me. I'll
do it that way.

But what happens is you come in -- not you. One comes in
and says, "Oh, Judge, I'm sorry. I can't try it in this month
because I've just set a trial date in this month.' And then I

have three attorneys with all of their different schedules.
And that's what happens.

That's why I like to set a trial date now.  And I'll set
it way out, and give you as much time as reasonably necessary
to prepare, but I want to get --

And maybe the thing to do is for me to set a long trial
date out, and then give the parties the right to advance it if
they -- if they feel they can prepare.  I think that's what I'm
going to do.

In other words, I'm going to set a trial date.  I'll set a
trial date in January.  I'll set a trial date in January.
First week in January.

You're all free then.  Right?  I'd like to hear something
from you.

**MR. GETZ:**  May I confer with Mr. Furminger for a
moment?

**THE COURT:**  Sure.

**MR. GETZ:**  He's got something to say on this.

**THE COURT:**  I may advance it if you can go to trial
earlier.

**MR. GETZ:**  Okay.  Mr. Furminger would like an earlier
date than January.

**THE COURT:**  Oh, okay.

**MR. HEMANN:**  So would Mr. Hemann.

**THE COURT:**  Okay.  Let's take a look at the calendar

1 here.  Why is that -- well, what about November 3rd?

2    MR. GETZ:  Mr. Furminger likes November 3rd.

3    THE COURT:  So do I.

4    MR. HEMANN:  So does the Government.

5    MS. BURKE:  So does Mr. Robles.

6    THE COURT:  Now, that's without prejudice to any

7 party coming in and asking to advance the trial date.  If the

8 defendant wants an earlier trial and his counsel can get ready,

9 I am inclined to grant it.  I'm inclined to grant it.

10    The Government should be ready now.  They bring these

11 charges.  They should be ready to go to trial.  So I'm not

12 concerned about the Government's concerns here.  I'm concerned

13 about defense counsel's concerns that they are prepared to try

14 the case.

15    So November 3rd for trial.  Pretrial October 23rd.

16    And I'll see any number of you back here in April.  Right?

17    MR. HEMANN:  Correct.  And when would you like --

18    THE COURT:  And I'll exclude time for effective

19 preparation.

20    MR. HEMANN:  Thank you, Your Honor.

21    THE COURT:  Yes, Mr. Getz.

22    MR. GETZ:  Your Honor, in connection with the

23 April -- with the next court date, Mr. Vargas resides in the

24 Central District.  And now that the Court has set the matter

25 for trial and ordered him here for trial, would the Court

1  consider excusing his appearance at the next court appearance?

2              THE COURT:  No.  I want everybody here.  There won't

3  be so many dates that he has to be here, but I want him here at

4  the beginning.  If I have -- depending on whatever is in front

5  of me.  I don't know whether what's going to be in front of me

6  is, quote, a "disqualification," a severance.  It could be

7  anything, so I don't want to excuse him at this time.

8              MR. GETZ:  Thank you.

9              MR. HEMANN:  And then in terms of -- the motions

10 should be filed for an April 30th hearing on April 9th?

11             THE COURT:  Whatever the schedule.  April 9th.

12 That's fine.  Is that agreeable with everybody?

13             MR. HEMANN:  Yes, Your Honor.

14             MR. GETZ:  Yes.

15             THE COURT:  Thank you very much.

16             MR. GETZ:  Thank you.

17             MR. HEMANN:  Thank you, Your Honor.

18 (At 2:22 p.m. the proceedings were adjourned.)

19 I certify that the foregoing is a correct transcript from the

20 record of proceedings in the above-entitled matter.

21

22 *Lydia Zinn*

23 _____    April 6, 2015
   Signature of Court Reporter/Transcriber    Date

24 Lydia Zinn

25